961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Leo YOUNGER; Viola Younger; James E. Farner; Dorothy
Farner; Joseph P. Farner, Jr.; Majorie E. Farner; William
H. Farner; Jacquelyn Farner; Betty A. Farner; Delores J.
Farner; Donald P. Farner; Sylvester Farner, Plaintiffs-Appellees,
v.
The FEDERAL LAND BANK OF WICHITA; Federal Land Bank of
South West Colorado; Junior A. Cole; Ruby F. Cole; Joseph
Coleman, Esq.; Robert Davig; Michael V. Holtz; Ralph E.
Miller, David Leinsdorf, Esq.; Gutherie-Slater-O'Conner;
Farm Credit Services of Mountain Plains, PCA, formerly known
as Ninth District Production Credit Association of Denver;
John Edward Maas, Esq.; Barrows & Sisun, P.C., Defendants,
and
Senn, Lewis, Visciano, Hoth & Strahle, P.C., formerly known
as Senn, Lewis, Hoth, & Strahle, P.C.,
Defendants-Appellants.
 No. 91-1171.
 United States Court of Appeals, Tenth Circuit.
 April 17, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This case has a lengthy procedural history, only the outlines of which are relevant to this appeal. Beginning in 1983, plaintiffs were involved in extensive state court litigation which ultimately was heard in the Colorado Supreme Court and remanded for trial before the parties entered into a settlement agreement and stipulated for dismissal with prejudice in September 1990. On December 26, 1990, plaintiffs filed a fifty-one page pro se complaint in federal court naming, among others, the law firm of Senn Lewis Visciano Hoth & Strahle, P.C. ("Senn Lewis") which had represented them in their writ of certiorari to the Colorado Supreme Court. Senn Lewis moved to dismiss pursuant to Fed.R.Civ.P. 12(b), and filed a notice of intention to pursue Rule 11 sanctions. The trial court dismissed the complaint in its entirety for failure to comply with Fed.R.Civ.P. 8, adding that the claims were "frivolous" and failed to state claims upon which relief could be granted. Senn Lewis filed a formal motion for attorneys' fees and costs on March 12, which the court denied in a separate minute order. Senn Lewis now appeals from the denial of fees under Fed.R.Civ.P. 11.[1]
 
 Rule 11 provides that
 
 3
 The signature of [a] ... party constitutes a certificate by the signer that ... [the pleading] is well grounded in fact and is warranted by existing law ... and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading ... is signed in violation of this rule, the court ... shall impose upon the person who signed it ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred ..., including a reasonable attorney's fee.
 
 
 4
 Fed.R.Civ.P. 11. Our review of the district court's denial of such a sanction is limited to determining whether the court abused its discretion. Cooter & Gell v. Hartmax, 110 S.Ct. 2447, 2460-61 (1990).
 
 
 5
 The district court has wide latitude to determine the relevant facts and the appropriate sanction, if any. In so doing, "the court has sufficient discretion to take account of the special circumstances that often arise in pro se situations." Fed.R.Civ.P. 11 advisory committee's note. Construing plaintiffs' pro se complaint broadly, see Haines v. Kerner, 404 U.S. 519 (1972), we are unable to say from the record in front of us that the district court abused its discretion. Accordingly, we AFFIRM the district court's denial of attorneys' fees. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiffs have not responded, either in the district court or here